**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRICK LAWRENCE,   Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : | CRIMINAL INDICTMENT NO. 1:17-CR-0112-SCJ-JKL-1 |
| UNITED STATES OF AMERICA,   Respondent. | : : : : | CIVIL FILE NO. 1:19-CV-1140-SCJ-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on Movant's counseled motion to vacate [Doc. 91] and amended memorandum in support [Doc. 97], Respondent's response [Doc. 100], and Movant's amended reply [Doc. 102]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

### I. BACKGROUND

The grand jury for the Northern District of Georgia charged Movant in a superseding indictment with (1) possession with intent to distribute a controlled substance, (2) possession of a firearm by a convicted felon, and (3) conspiracy to

possess with intent to distribute a controlled substance. (Doc. 61). On December 1, 2017, Movant pleaded guilty to count one, possession with intent to distribute a controlled substance, subject to a twenty-year maximum prison term. (Doc. 69; Doc. 69-1 at 1, 3; Doc. 98 at 14-15). By amended judgment entered on April 11, 2018, Movant received a 197-month term of imprisonment. (Doc. 80; *see also* Doc. 99 at 139-40).

In his motion to vacate, Movant presents the following four grounds for relief: sentencing counsel provided ineffective assistance by failing (1) to object to the use of U.S.S.G. § 2D1.1(b)(1) to increase Movant's offense level two points for possession of a firearm when the firearm belonged to Movant's girlfriend; (2) to object to the use of Movant's 2003 Bexar County, Texas conviction or require the government to prove that the conviction existed; and (3) to object to the use of Movant's 1994 juvenile conviction to enhance his sentence; and (4) trial counsel provided ineffective assistance by failing to challenge the search warrant and seek the dismissal or suppression of evidence from the initial search of Movant's home and property. (Doc. 91 at 4; Doc. 97 at 4-7).

## II.   28 U.S.C. § 2255 STANDARD

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  *Massaro v. United States*, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the

 
Quick

prisoner is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

### III. DISCUSSION

#### A. Counsel's Failure to Object to U.S.S.G. § 2D1.1(b)(1) Two-Level Increase

At his guilty plea hearing, Movant agreed, under oath, that he understood that his base offense level could be increased if he was categorized as a career offender[1] and that the parties had agreed to recommend that he be sentenced to between 168 to 210 months, which the parties believed was the applicable guideline range. (Doc. 98

---

[1] The guidelines, in Chapter Four, dictate –

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a). With exceptions that do not apply here, a career-offender defendant's criminal history category is deemed to be category VI and his offense level is thirty-two when his offense statutory maximum is twenty or more years, but less than twenty-five. U.S.S.G. § 4B1.1(b) and (b)(3). The career offender offense level applies if it is greater than the otherwise applicable offense level. U.S.S.G. § 4B1.1(b).

at 9-12). Movant's Presentencing Investigation Report (PSR) stated (1) that Movant's adjusted offense level was twenty, which included a two-level enhancement under § 2D1.1(b)(1) (dictating two-level increase to offense level if a dangerous weapon/firearm was possessed); (2) that Movant, however, was as a career offender pursuant to U.S.S.G. § 4B1.1(a) based on at least two predicate offenses; (3) that the career offender offense level of thirty-two applied pursuant to § 4B1.1(b); and (4) that, with a two-level reduction for acceptance of responsibility, Movant's total offense level was thirty, yielding a 168-210 month guideline range based on a criminal history category of VI. PSR ¶¶ 47-49 and Part D. At sentencing, the Court stated that Movant's adjusted offense level of twenty included a two-level enhancement under § 2D1.1(b)(1), but that under a Chapter Four enhancement, his offense level was thirty two, with a two level reduction for acceptance of responsibility, yielding an offense level of thirty and a criminal history category of VI, and guideline range of 168 to 210 months. (Doc. 99 at 4, 110-11, 134). The Court imposed a 197-month sentence. (*Id.* at 139-40).

Movant argues that sentencing counsel provided ineffective assistance by failing to object to the use of § 2D1.1(b)(1) to increase Movant's offense level two points for possession of a firearm when the firearm belonged to Movant's girlfriend.

5

(Doc. 97 at 4-5).  Respondent argues that counsel's failure to object was reasonable because the imposition of the two-level enhancement was proper based on Movant's possession of a firearm, without regard to whether the firearm "belonged" to Movant, and because the two-level enhancement did not impact Movant's guideline range of 168-210 months as a career offender.  (Doc. 100 at 10, 13-15).[2]

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him.  *Id.* at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  *Pooler v. Sec'y, Fla. Dep't of Corr.*, 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  The movant must

---

[2] Movant replies, but his reply does not add anything on this ground or his other grounds that warrants specific discussion.  (Doc. 102).

show that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quoting *Brownless v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)) (internal quotation marks omitted). Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

This ground fails because Movant cannot show prejudice when his guideline range was dictated by his career offender status. *See* U.S.S.G. § 4B1.1(a)&(b).

### B.   Counsel's Failure to Object at Sentencing to the Use of Movant's 2003 Robbery Conviction

Count two of the second superseding indictment charged Movant with possessing a firearm as a convicted felon, and listed, *inter alia*, Movant's 2003 Bexar County aggravated robbery conviction. (Doc. 61 at 2). Before Movant pleaded guilty, the government filed notice of its intention to introduce Fed. R. Evid. 404(b) evidence, including evidence of Movant's 2003 Bexar County conviction for aggravated robbery while possessing a firearm, case number 2002cr1761. (Doc. 35 at 1). In his November 2017 response to the notice of intention, Movant argued in regard to the

7

above 2003 conviction – "[a]lthough there is sufficient proof that [Movant] committed the prior act," the evidence should be excluded based on unfair prejudice. (Doc. 67 at 5-7).

Movant now argues that sentencing counsel provided ineffective assistance by failing to object to the use at sentencing of Movant's 2003 Bexar County robbery conviction, the existence of which the government was required to prove as it had occurred more than thirteen years before Movant's arrest. (Doc. 97 at 5). Respondent argues that counsel's failure to object was reasonable when a certified copy of the 2003 robbery conviction had been provided in discovery and that, had counsel objected, the government would have tendered a copy at the sentencing hearing. (Doc. 100 at 10, 15). Respondent has attached a certified copy of said conviction, showing that in June 2003, Movant was convicted in Bexar County, Texas for aggravated robbery (with a "deadly weapon finding") and received a five year term of imprisonment, No. 2002cr1761. (Doc. 100-3).

*Strickland* again applies. This ground also fails as Movant cannot show prejudice. Before pleading guilty, Movant conceded to the fact of the conviction, and it is apparent that, had counsel objected at sentencing and required proof of the conviction, the government would have provided that proof.

### C. Counsel's Failure to Object at Sentencing to the Use of Movant's 1994 Juvenile Conviction

Movant's PSR lists one juvenile conviction, dated July 3, 1994, and assigns that conviction "0" points in the calculation of Movant's criminal history. PSR ¶ 51. Movant now argues that sentencing counsel provided ineffective assistance by failing to object to the use of Movant's 1994 juvenile conviction to enhance his sentence. (Doc. 97 at 5). Respondent argues that counsel's failure to object was reasonable when Movant received no criminal history points for that conviction. (Doc. 100 at 10, 16).

*Strickland* again applies. This ground also fails because Movant cannot show prejudice when the juvenile conviction was assigned no criminal history points and when, as indicted above in section II. A., the Court sentenced Movant as a career offender, which otherwise requires a criminal history category of VI.

### D. Counsel's Failure to Properly Challenge the Search Warrant

Prior to pleading guilty, represented by Robert Kenner, Movant moved that evidence be suppressed because the underlying search warrant was obtained without probable cause and was based on the affiant's failure to disclose certain information and presentation of false/misleading statements in support of the warrant. (Doc. 27

9

at 1; Doc. 28 at 1-2).  The Court denied the motions to suppress.  (Doc. 44). Subsequently, in pleading guilty, Movant stated, under oath, that he understood that by pleading guilty he was waiving the right to trial, including the right to object to evidence.  (Doc. 98 at 7-9).

Movant argues that trial counsel provided ineffective assistance by failing to properly challenge the search warrant and seek the dismissal or suppression of evidence from the initial search of Movant's home and property.  (Doc. 97 at 6-7). Respondent argues that counsel raised a probable cause challenge to the search warrant, that Movant has not shown that the warrant lacked probable cause, and that Movant has not shown that the warrant contained false information.  (Doc. 100 at 17-18).

By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)) (internal quotation marks omitted); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (Once "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he

is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (internal quotation marks omitted)). Absent an attack on the validity of the guilty plea, a knowing and voluntary guilty plea waives any pre-plea claims of ineffective assistance of counsel. *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011); *Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008).

This ground fails as it is apparent based on Movant's statement at his guilty plea hearing and the above law that Movant has waived the right to challenge counsel's actions in challenging the search warrant and the evidence discovered based on that warrant.

### IV.   CERTIFICATE OF APPEALABILITY (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

11

applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Melton v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Lambrix v. Sec'y, DOC*, 872 F.3d 1170, 1179 (11th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Movant's motion [Doc. 91] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 18th day of March, 2020.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE